IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE GOVERNMENT'S EX PARTE MOTION TO AMEND PROTECTIVE ORDER AND FOR LIMITED UNSEALING | FILED UNDER SEAL<br><br>EX PARTE APPLICATION<br><br>MISC. NO. _____ |

**APPLICATION FOR AN EX PARTE LIMITED ORDER TO AMEND
PROTECTIVE ORDER AND FOR LIMITED UNSEALING**

1. The United States Department of Justice (the "DOJ" or the "Government") respectfully makes this ex parte and sealed Application to the Court, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, for an ex parte limited Order (1) amending the Agreed Protective Order (the "Protective Order") entered into by the parties in Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc. v. Yiren Ronnie Huang and CNEX Labs, Inc., Civil Docket No. 4:17-CV-893 (E.D. Tex.) ("CNEX") to exclude members of a DOJ investigative team from being covered under the Protective Order permitting the Government to seek, pursuant to subpoena, documents necessary to its investigation; and (2) unsealing sealed filings on the CNEX docket for the limited purpose of permitting members of a DOJ investigative team access to the sealed filings. As discussed below, the Government respectfully requests that any Order not be filed on the CNEX docket or otherwise publicly filed at this time.

1

2. On January 24, 2019, a grand jury in the Eastern District of New York returned a superseding indictment charging Huawei Technologies Co., Ltd. ("Huawei"), a telecommunications conglomerate based in the People's Republic of China and one of the plaintiffs in the above-referenced civil matter, related entities Huawei Device USA, Inc., and Skycom Tech Co. Ltd. ("Skycom"), as well as Wanzhou Meng, Huawei's Chief Financial Officer, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, with bank fraud, wire fraud, conspiracy to commit bank fraud, conspiracy to commit wire fraud, conspiracy to violate and substantive violations of the International Economic Emergency Powers Act ("IEEPA"), money laundering, and conspiracy to commit obstruction of justice. The charges stem from the defendants' conduct related to Iran, as well as steps taken to obstruct justice. In part, the investigation has revealed that Huawei operated Skycom as an unofficial subsidiary to avail itself of otherwise prohibited U.S.-origin goods, technology and services, including banking services, to enable Huawei to continue to sell telecommunications parts to Iran-based businesses, while concealing Huawei's role.[1] On January 28, 2019, the superseding indictment was unsealed, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] On December 1, 2018, Meng was arrested in Canada at the request of the U.S. government, and extradition proceedings are underway.

3. The grand jury investigation based in the Eastern District of New York ████████████████████████████████████████████████████████████

████████████████████████████████████████ continues. Specifically, the DOJ and the U.S. Attorney's Office for the Eastern District of New York are conducting a grand jury investigation into, among other crimes, ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ all of which crimes could be incorporated into a future superseding indictment.

4. Huawei's alleged theft of intellectual property is an issue that central to the ongoing <u>CNEX</u> litigation. The corporate defendant <u>CNEX</u>, CNEX, is a United States corporation based in San Jose, California, that designs and develops system solutions in the forms of semiconductors and software. In <u>CNEX</u>, CNEX also has pressed counterclaims against Huawei pertaining to alleged efforts to steal CNEX's intellectual property. During the <u>CNEX</u> litigation, CNEX entered into the above referenced Protective Order (<u>CNEX</u>, ECF No. 118) with the civil plaintiffs. The Protective Order does not authorize sharing of "Restricted Information" with parties other

than those contemplated by the order and contains certain notification provisions with respect to "Restricted Information." Furthermore, there are numerous legal filings and other records in the CNEX litigation currently under seal, as well as other litigation materials containing "Restricted Information," that are necessary to the government's investigation, but that the government cannot currently access.

    WHEREFORE, it is respectfully requested that the Court issue an ex parte limited Order (1) amending the Protective Order to exclude members of a DOJ investigative team from being covered under the Protective Order permitting the Government to seek, pursuant to subpoena, documents necessary to its investigation; and (2) unsealing sealed filings on the public CNEX docket permitting members of a DOJ investigative team, including DOJ and law enforcement personnel, access to the sealed filings in the CNEX matter. The DOJ anticipates using material contained in sealed CNEX filings and/or litigation materials containing "Restricted Information" for investigative and prosecutorial purposes but will not publicly disseminate such materials without obtaining further approval of the Court. The DOJ will seek to unseal this application and proposed Order at the time that the DOJ unseals or announces any criminal charges against Huawei and its related entities using material contained in sealed CNEX filings and/or litigation materials, should any charges be announced. For the Court's convenience, a proposed order is attached hereto.

4

WHEREFORE, it is further respectfully requested that the Court permit this filing <u>ex</u> <u>parte</u> and under seal. ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

5

██████████████████████████████████████████████

█████████

Respectfully Submitted:

JOSEPH D. BROWN
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

_/s/_____
Camelia Lopez
Assistant United States Attorney
Texas Bar No. 24036990
101 E. Park Blvd., Suite 500
Plano, TX 75074
(972) 509-1201 – phone
(972) 509-1209 – fax
Camelia.Lopez@usdoj.gov

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE GOVERNMENT'S EX PARTE MOTION TO AMEND PROTECTIVE ORDER AND FOR LIMITED UNSEALING | MISC. NO. _____ <br><br> FILED UNDER SEAL |

**SEALED ORDER**

This matter having come before the Court pursuant to an ex parte and sealed application (the "Application") under the All Writs Act, Title 28, United States Code, Section 1651, by the U.S. Department of Justice ("DOJ"), and the U.S. Attorney's Office for the Eastern District of New York ("EDNY"), (collectively "the Government"), for an ex parte and sealed limited Order with respect to the matter Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc. v. Yiren Ronnie Huang and CNEX Labs, Inc., Civil Docket No. 4:17-CV-893 (E.D. Tex.) ("CNEX") as to DOJ, EDNY and any members of law enforcement working on the Government's ongoing investigation described in the Application, and this Court having found reason to believe that public disclosure or disclosure to the civil plaintiffs of this Order could result in the destruction of evidence and notification of targets, and could jeopardize the investigation, it is hereby

ORDERED, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, that:

(1) Sealed filings in CNEX are unsealed solely for use by members of the Government team, including DOJ and EDNY personnel and their law enforcement partners, participating in the investigation described in the Application;

(2) The Agreed Protective Order in CNEX (ECF No. 118) shall be deemed not to apply to any requests to the defendants made by members of the Government's investigative team, and this Order takes precedence over any language in the Agreed Protective Order which would otherwise prohibit or limit such communication and information sharing;

(3) The Government may use material obtained pursuant to this Order for investigative and prosecutorial purposes but must not publicly disseminate any information obtained pursuant to this Order, including by referring to that material in a public charging instrument, without further order of the Court; and

(4) This Order and the Application will be sealed and filed ex parte in Case Number 4:19-MC-___ on the Miscellaneous Docket, but will not be filed on the public docket in CNEX. At such future time, if any, that the Government team seeks a future order of this Court related to public use or dissemination of any material obtained pursuant hereto, the Court will then address such public use and dissemination, including future

access by the public to the previously sealed portions of the record in CNEX.

**IT IS SO ORDERED.**

**SIGNED** this _____ day of May, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE